1 KATHLEEN E. FINNERTY (SBN 157638)
GREENBERG TRAURIG, LLP
2 1201 K Street, Suite 1100
Sacramento, CA 95814-3938
3 Telephone: (916) 442-1111
Facsimile: (916) 448-1709
4 finnertyk@gtlaw.com

5 Attorneys for Defendant,
OVERLOOK AT BLUE RAVINE, LLC
6

7

8 **UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 SCOTT N. JOHNSON,                    CASE NO.: 2:10-CV-02387-JAM-DAD

12         Plaintiff,                  **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

13 v.

14 OVERLOOK AT BLUE RAVINE,
LLC, a California limited liability
15 company,

16         Defendant.

17

18         Defendant, OVERLOOK AT BLUE RAVINE, LLC ("Defendant") hereby

19 answers the allegations of Plaintiff SCOTT N. JOHNSON'S ("Plaintiff") Complaint

20 filed on August 30, 2010, as follows:

21                          **THE PLAINTIFF**

22         1.      In answering paragraph 1 of Plaintiff's Complaint, Defendant lacks

23 sufficient information to respond to these allegations and, accordingly, denies all

24 allegations therein.

25                          **THE DEFENDANT**

26         2.      In answering paragraph 2 of Plaintiff's Complaint, Defendant admits the

27 apartment complex ("Complex") is located at 1200 Creekside Drive, Folsom,

28 California. The Defendant further admits that it owns and operates the Complex. As to

the remaining allegations, Defendant is without sufficient information to permit it to admit or deny them, and on that basis denies the remaining allegations.

## THE FACTS

3.      In answering paragraph 3 of Plaintiff's Complaint, Defendant lacks sufficient information to respond to these allegations and, accordingly, denies all allegations therein.

## JURISDICTION

4.      In answering paragraph 4 of Plaintiff's Complaint, Defendant admits this Court has jurisdiction over the type and style of the claims brought by Plaintiff against the Defendant.

## VENUE

5.      In answering paragraph 5 of Plaintiff's Complaint, Defendant admits venue is proper in this jurisdiction, but denies all other allegations therein.

## INTRADISTRICT

6.      In answering paragraph 6 of Plaintiff's Complaint, Defendant admits this case is properly venued in the Sacramento division of the United States District Court, Eastern District of California.

7.      In answering paragraph 7 of Plaintiff's Complaint, Defendant admits the Complex is a "public accommodation or facility" subject to the requirements of California Civil Code §§ 51 and 52, and the Americans with Disabilities Act of 1990.

8.      In answering paragraph 8 of Plaintiff's complaint, Defendant lacks sufficient information to respond to these allegations and, accordingly, denies all allegations therein.

9.      In answering paragraph 9 of Plaintiff's complaint, Defendant admits it operates the Complex.  Defendant denies the remaining allegations of this paragraph.

10.      In answering paragraph 10 of Plaintiff's Complaint, Defendant lacks sufficient information to respond to these allegations and, accordingly, denies all allegations therein.

## FIRST CLAIM FOR RELIEF

### Violation of the Americans with Disabilities Act of 1990

### 42 USC § 12101 et seq.

11.     In answering paragraph 11 of Plaintiff's Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 10.

12.     In answering paragraph 12 of Plaintiff's Complaint, these allegations are conclusory statements of law rather than fact and, therefore, do not require a response by Defendant; however, in an abundance of caution, Defendant denies such allegations.

13.     In answering paragraph 13 of Plaintiff's Complaint, these allegations are conclusory statements of law rather than fact and, therefore, do not require a response by Defendant; however, in an abundance of caution, Defendant denies such allegations.

14.     In answering paragraph 14 of Plaintiff's Complaint, these allegations are conclusory statements of law rather than fact and, therefore, do not require a response by Defendant; however, in an abundance of caution, Defendant denies such allegations.

15.     In answering paragraph 15 of Plaintiff's Complaint, these allegations are conclusory statements of law rather than fact and, therefore, do not require a response by Defendant; however, in an abundance of caution, Defendant denies such allegations.

16.     In answering paragraph 16 of the Plaintiff's Complaint, these allegations are conclusory statements of law rather than fact and, therefore, do not require a response by Defendant; however, in an abundance of caution, Defendant denies such allegations.

17.     In answering paragraph 17 of Plaintiff's Complaint, these allegations are conclusory statements of law rather than fact and, therefore, do not require a response by Defendant; however, in an abundance of caution, Defendant denies such allegations.

18.     In answering paragraph 18 of Plaintiff's Complaint, Defendant denies all the allegations contained therein.

/ / /

/ / /

19.     In answering paragraph 19 of Plaintiff's Complaint, Defendant denies Plaintiff is entitled to any relief whatsoever, and lacks sufficient information to respond to the remaining allegations and, accordingly, denies all remaining allegations therein.

20.     In answering paragraph 20 of Plaintiff's Complaint, Defendant denies Plaintiff is entitled to any relief whatsoever.  Defendant lacks sufficient information to determine the travel patterns of Plaintiff.  Defendant denies all the remaining allegations therein.

## SECOND CLAIM FOR RELIEF:

### Damages for Denial of Full and Equal Access to a Public Accommodation: Public Facilities at a Retail Restaurant

### Civil Code §§ 51, 52

21.     In answering paragraph 21 of Plaintiff's Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 20.

22.     In answering paragraph 22 of Plaintiff's Complaint, these allegations are conclusory statements of law rather than fact and, therefore, do not require a response by Defendant; however, in an abundance of caution, Defendant denies such allegations. Defendant admits Plaintiff is not seeking daily damages.

23.     In answering paragraph 23 of Plaintiff's Complaint, Defendant denies all the allegations contained therein.

24.     In answering paragraph 24 of Plaintiff's Complaint, Defendant denies all the allegations contained therein.

25.     In answering paragraph 25 of Plaintiff's Complaint, Defendant denies Plaintiff is entitled to any relief whatsoever, and lacks sufficient information to respond to the remaining allegations and, accordingly, denies all remaining allegations therein.

26.     In answering paragraph 26 of Plaintiff's Complaint, Defendant denies Plaintiff is entitled to any relief whatsoever, including recovery of attorney's fees and costs, and lacks sufficient information to respond to the remaining allegations and, accordingly, denies all remaining allegations therein.

27.     In answering paragraph 27 of Plaintiff's Complaint, Defendant denies Plaintiff is entitled to any relief whatsoever, including injunctive relief, damages or recovery of attorney's fees and costs.

## PRAYER

1.     Defendant denies that Plaintiff is entitled to any equitable relief against Defendant based upon the allegations of Plaintiff's Complaint, or based upon any other conduct, act or omissions, whatsoever.

2.     Defendant denies the Court should retain jurisdiction over the Defendant.

3.     Defendant denies that Plaintiff is entitled to any award of damages against Defendant based upon the allegations of Plaintiff's Complaint, or based upon any other conduct, act or omissions, whatsoever.

4.     Defendant denies that Plaintiff is entitled to any award of attorney's fees, litigation expenses or costs against Defendant based upon the allegations of Plaintiff's Complaint, or based upon any other conduct, act or omissions, whatsoever.

5.     Defendant denies that Plaintiff is entitled to any declaratory relief against Defendant based upon the allegations of Plaintiff's Complaint, or based upon any other conduct, act or omissions, whatsoever.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a first, separate and affirmative defense to Plaintiff's Complaint, and to each cause of action, Defendant alleges that the Complaint fails to allege facts sufficient to constitute a cause of action against the Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a further, separate and affirmative defense to Plaintiff's Complaint, and to each cause of action, Defendant alleges that the Complaint is barred by the doctrine of unclean hands.

/ / /

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

### THIRD AFFIRMATIVE DEFENSE

#### (Laches)

As a further, separate and affirmative defense to Plaintiff's Complaint, and to each cause of action, Defendant alleges that the Complaint is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

#### (Waiver)

As a further, separate and affirmative defense to Plaintiff's Complaint, and to each cause of action, the Defendant alleges that Plaintiff has waived, is estopped and barred from alleging the matters set forth in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

#### (Estoppel)

As a further, separate and affirmative defense to Plaintiff's Complaint, and to each cause of action, Defendant alleges that the Complaint is barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As a further, separate and affirmative defense to Plaintiff's Complaint, and to each cause of action, Defendant alleges that the causes of action set forth in the Complaint are barred by the limiting provisions of the California Code of Civil Procedure, including, but not limited to, section 339.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

As a further, separate and affirmative defense to Plaintiff's Complaint, and to each cause of action, Defendant alleges that if Plaintiff has been damaged (which proposition is denied), then Plaintiff has failed to mitigate such damages.

/ / /

/ / /

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Others at Fault)

As a further, separate and affirmative defense to Plaintiff's Complaint, and to each cause of action, Defendant alleges that all claims against Defendant is barred because obligations under the Complaint, if any, are obligations or breaches of others for which Defendant is not responsible.

## NINTH AFFIRMATIVE DEFENSE

### (Dimensional Tolerances)

As a further, separate and affirmative defense to Plaintiff's Complaint, and to each cause of action, Defendant alleges the violations alleged by Plaintiff are within the dimensional tolerances allowed by state and federal law.

## TENTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation)

As a further, separate and affirmative defense to Plaintiff's Complaint, and to each cause of action, the Defendant alleges the violations alleged by Plaintiff are not violations given the equivalent facilitation provided at the facility.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Standing)

As a further, separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff lacks requisite standing to bring the present action for himself or others.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mootness)

As a further, separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that the purported claim or controversy alleged by Plaintiff is moot.

/ / /

/ / /

/ / /

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Exemptions)

3      As a further, separate and affirmative defense to Plaintiff's Complaint, Defendant

4   alleges that Defendant and its facilities are exempt from compliance with the statutes

5   and/or regulations sought to be enforced by Plaintiff.

6

## FOURTEENTH AFFIRMATIVE DEFENSE

7

### (Removal of Architectural Barriers Were Not Readily Achievable)

8      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if

9   there were any, do not subject Defendant to liability because the removal of alleged

10   architectural barriers were not readily achievable.

11      WHEREFORE, Defendant prays for a judgment as follows:

12      1.      That all legal and/or equitable relief sought in the Complaint or against

13   Defendant be denied;

14      2.      That Plaintiff's request for attorney's fees and costs be denied;

15      3.      That Plaintiff's action be dismissed with prejudice;

16      4.      For reasonable costs of suit and attorney's fees incurred herein; and

17      5.      For such other and further relief as the court deems proper.

18   DATED:  November 19, 2010              GREENBERG TRAURIG, LLP

19

20                              By:/s/ Kathleen E. Finnerty
                                     KATHLEEN E. FINNERTY
21                                   Attorney for Defendant
                                     OVERLOOK AT BLUE RAVINE,
22                                   LLC

23

24

25

26

27

28