SCOTT N. JOHNSON, ESQ., SBN 166952
DISABLED ACCESS PREVENTS INJURY, INC.
5150 FAIR OAKS BLVD., SUITE 101
PMB #253
CARMICHAEL, CA 95608-5758
TELEPHONE (916) 485-3516
FAX (916) 481-4224
EMAIL scottnjohnson@dapiinc.com

Attorney for Plaintiff Scott N. Johnson

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson | **Case No.: 2:10-cv-02387-JAM-DAD** |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND CROSS-MOTION TO DISMISS** |
| vs. | |
| Overlook at Blue Ravine, LLC, a California Limited Liability Company, | **Date: June 20, 2012**<br>**Time: 9:30 AM**<br>**Courtroom: 6** |
| Defendants | Complaint Filed: 9/3/2010 |

I, Scott N. Johnson, declare and state as follows:

   I am the Plaintiff and I have a mobility related disability. I have personal knowledge of the facts set forth in this Declaration. If called as a witness in this matter, I could and would competently testify to those facts under oath.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND CROSS-MOTION TO DISMISS CASE 2:10-cv-02387-JAM-DAD- 1

**RULE 11:**

The Defendant's request for Rule 11 sanctions is frivolous and should be denied in its entirety based upon this opposition, my declaration and all other attached declarations I have provided.  I correctly identified the business operators; I correctly identified the property owners; I correctly identified the major architectural barriers. I also provided an actual visit date in the complaint.  Defendants allege that I do not have standing to bring cases involving apartment complexes.  The cases I file all have merit.  I am physically disabled with a mobility disability and I seek injunctive relief only related to my mobility disability and the architectural barriers which relate to the leasing office.  The ADA does not extend injunctive relief to the individual tenant units or common areas and therefore, I never include such a request.  I have personally visited the leasing office of each action I file at least on 2 occasions.  I always include an exhibit picture which related to one or more mobility related architectural barriers. I have reasons for going to the leasing offices and intend to return to them.  A major problem in locating an accessible apartment complex is that the ADA only relates to the leasing office.  For example, in this case at hand, the Defendants removed the architectural barriers related to the leasing office

but chose not to remove architectural barriers related to the tenant units or commons areas.  I still have a need to obtain accessible housing for my son as well as the other disabled I assist.

The ninth circuit court of appeals recognizes California's need for ADA compliance and has expanded tester status to disabled plaintiffs. See *Gordon v. Virtumundo, Inc., 575 F .3d 1040, 1069 (9th Cir. 2009)* ("we accord standing to individuals who sue defendants that fail to provide access to the disabled in public accommodations as required by the Americans with Disabilities Act ("ADA") even if we suspect that such plaintiffs are hunting for violations just to file lawsuits.") *(citing Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1061-62 (9th Cir. 2007))*

## **VEXATIOUS LITIGANT**

The Ninth Circuit Court of Appeals has outlined a four factor test in determining whether the Plaintiff is a vexatious litigant or not. *(De Long v. Hennessey, 912 f.2d 1144, 1146 (9th Cir. 1990)* The Court in De Long stated "we outlined four factors for district courts to examine before entering pre-filing orders.  First, the litigant must be given notice and a chance to be heard before the order is entered. *(De Long, 912 F.2d at*

*1147.)* Second, the district court must compile "an adequate record for review." Id.  At 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Id. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." Id.

I will discuss the four factors in turn and will utilize the facts from the action at hand and compare my style of litigation with that of Molski, in accordance with *(Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, (9th Cir. 2007)).* The first two requirements list the procedures which the district court is to follow in performing their review. In regards to the first factor regarding notice and opportunity to be heard, this motion hearing  is to determine whether or not the Court should issue an order to show cause regarding whether or not I should be declared a vexatious litigant. This is not a motion in which I may be declared a vexatious litigant.  It is a motion on whether or not the Court should consider issuing an order to show cause in regards to being declared a vexatious litigant. In regards to the second requirement that the court creates an adequate record of review, I request that the court takes notice that my complaints are similar in nature as to the form but the barriers encountered and dates changed along with different

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND CROSS-MOTION TO DISMISS CASE 2:10-cv-02387-JAM-DAD- 4

Defendants. A detailed analysis of my complaints will follow below.

The Court in Molski stated, "The third factor set forth by De Long gets to the heart of the vexatious litigant analysis, inquiring whether the district court made "substantive findings as to the frivolous or harassing nature of the litigant's actions. ("*De Long, 912 F .2d at 1148 (quoting In re Powell, 851 F. 2d 427, 431 (D.C. Cir. 1988)).* To decide whether the litigant's actions are frivolous or harassing, the district court must "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id. (quoting Powell, 851 F .2d at 431).* "An injunction cannot issue merely upon a showing of litigiousness. The Plaintiff's claims must not only be numerous, but also be patently without merit." (*Moy, 906 F.2d at 470.*)

Like Molski, I concede that I have filed numerous claims. However, that is where our similarity ends. My complaints identify the architectural barriers which I have encountered and will include one if not several exhibit pictures of one or more architectural barriers. The court in Molski was not concerned with the number of claims Molski filed in regards to architectural barriers. It was concerned with the related physical injury Molski suffered when he encountered those

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND CROSS-MOTION TO DISMISS CASE 2:10-cv-02387-JAM-DAD- 5

architectural barriers. The district courts' conclusion was that Molski "plainly lied" in making his injury allegations and stated that they were false and exaggerated.  Additionally, the district court found that Molski's litigation strategy was to ask for daily damages at a rate of $4,000 per day and was creating a damage claim of over $1,452,000.  My complaint in bold face lettering complete with underlines states:

> "**Plaintiff <u>does not</u> seek daily damages and Plaintiff <u>does not</u> seek actual damages in excess of the statutory minimum. The Plaintiff seeks monetary damages based upon the statutory minimums under California Civil Code Sections 51(f) and 52..**" Complaint Page 8, Lines 7-10.

The complaint also states in bold and underline:

> **The Plaintiff <u>IS NOT</u> ASKING FOR DAILY DAMAGES OR ACTUAL DAMAGES.** Complaint Page 18, Lines 21-22

Additionally,

> "**Plaintiff <u>IS NOT</u> ASKING FOR DAILY DAMAGES OR ACTUAL DAMAGES IN EXCESS OF THE STATUTORY MINIMUM."** Complaint Page 19, Lines 4-7.

> "**Plaintiff <u>IS NOT</u> ASKING FOR DAILY DAMAGES OR ACTUAL DAMAGES IN EXCESS OF THE STATUTORY MINIMUM."** Complaint page 20, lines 5-6.

Finally, under the PRAYER section of the complaint, the complaint states:

> "**Plaintiff IS NOT ASKING FOR DAILY DAMAGES, ACTUAL DAMAGES IN EXCESS OF THE STATUTORY MINIMUM OR PUNITIVE DAMAGES.**" Complaint Page 22, Lines 3-6.

In comparing the monetary damages of my complaint vs. Molski, we would be comparing $16,000 vs. Molski's $1,452,000. Moreover, in regards to attorney fees, my complaint states that I only request attorney fees if incurred. As a pro se litigant, I cannot collect attorney fees.  "Plaintiff also seeks the recovery of damages involved in the discriminatory experiences of the past year and seeks recovery of reasonable attorney's fees (if incurred) and litigation expenses and costs according to statute." Complaint page 8, lines 3-7.

My complaints are simple.  I limit the applicable statutes to the Americans with Disabilities Act and the California Unruh Act. I do not follow the "scorched earth" tactic of including every imaginable body of law.

> "**Jurisdiction:**  The Court has jurisdiction of the action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to supplemental     jurisdiction, attendant and related causes of action arising from the same facts are also brought under California Civil Code §§ 51(f), 52.  The Plaintiff does not seek relief under the California Disabled Persons Act, Health and  Safety Code, or California Civil Code Section 55." Complaint Page 9, Lines 2-9.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND CROSS-MOTION TO DISMISS CASE 2:10-cv-02387-JAM-DAD- 7

I keep the burden placed upon the court as well as Defendants to a minimum by stipulating to the voluntary dispute resolution program as well as to an early settlement conference.

"**PLAINTIFF WILL STIPULATE TO A VOLUNTARY DISPUTE RESOLUTION PROGRAM (VDRP). PLAINTIFF CONSENTS AN EARLY SETTLEMENT CONFERENCE.**" Complaint page 10, lines 5-7.

All of my complaints include at least one written notice and a period for which the Defendants could voluntarily remove the architectural barriers, and therefore not be sued. I do not send "demand for money" letters. My notices request voluntary compliance and include both the website for the United States Department of Justice as well as the California certified Access Specialist Program (CASp). Also enclosed with the notice, is a full copy of the ADA Guide for Small Businesses, unless the notice relates to a hotel, in which case the publication is specific as to hotels. Both publications can be found on the DOJ website at ADA.gov. If the architectural barriers are removed during their opportunity to cure period, I do not file an action against the business and I do not request any monetary damages.

I do not target ethnic restaurants. I dine out most every day, sometimes three times a day. I am a quadriplegic, and I do not cook. Therefore, I dine at a vast variety of restaurants and

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND CROSS-MOTION TO DISMISS CASE 2:10-cv-02387-JAM-DAD- 8

I have filed actions against all types, including hamburger restaurants and steak houses which could be categorized as non ethnic. I have traveled extensively outside of the United States and enjoy ethnic food. A review of my complaints will show that I have more actions filed against non ethnic restaurants.  Even in unopposed motions for default judgment, I limit the monetary damages typically to half of what I am legally entitled to. Some of the Magistrate Judges will hold the motion for default hearing even when unopposed because sometimes, the Defendants will simply show up at Court without the filing of any kind of opposition. I routinely withdraw my request for default judgment and provide the Defendants with another opportunity to file a response to the complaint.

   The fourth factor states that the vexatious litigant order "Must be narrowly tailored to closely fit the specific vice encountered." If the Court felt that the Plaintiff was a vexatious litigant, the courts could sanction the Plaintiff under Rule 11.  The Eastern District Court could adopt a general order in regards to ADA actions such as the Northern District maintains.  The Court could require that one of my exhibits to the complaint include a picture of me encountering one of the architectural barriers. The Court could require that I only include the property owners as named Defendants. The court could

mandate that I greatly increase the amount of monetary damages I request so that cases do go to trial.  The ninth circuit court of appeals recognizes California's need for ADA compliance and has expanded tester status to disabled plaintiffs. See *Gordon v. Virtumundo, Inc., 575 F .3d 1040, 1069 (9th Cir. 2009)* ("we accord standing to individuals who sue defendants that fail to provide access to the disabled in public accommodations as required by the Americans with Disabilities Act ("ADA") even if we suspect that such plaintiffs are hunting for violations just to file lawsuits.") *(citing Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1061-62 (9th Cir. 2007))*

**CROSS MOTION TO DISMISS:**

I earlier requested that this court dismiss this action because the court lacks federal jurisdiction.  All architectural barriers which I gave notice of in the complaint have been removed.  I do not seek any further injunctive relief and therefore, there is not federal question remaining.  I do not request that the court retain jurisdiction over the state claims I had requested that all claims both federal and state be dismiss with prejudice therefore, I cannot re-file in state court for anything.  Defendants have no legitimate reason to keep this case active other than to harass me.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND CROSS-MOTION TO DISMISS CASE 2:10-cv-02387-JAM-DAD- 10

**CONCLUSION:**

For the foregoing reasons, Defendant's motion for Rule 11 sanctions should be denied in its entirety. The court should further deny the defendant's request to declare me a vexatious litigant. The Molski decision has many dissenting judges. Even the Northern District Court refused to declare Molski a vexatious litigant. *(Molski v. Rapazzini Winery, 400 F. Supp. 2d 1208 (N.D. Cal. 2005)* I request that this case be dismissed in its entirety with prejudice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on Friday, May 18, 2012, in Sacramento, California.

Dated: June 6, 2012

_/S/ SCOTT N. JOHNSON__
By: SCOTT N. JOHNSON
Attorney for Plaintiff