KATHLEEN E. FINNERTY (SBN 157638)
**FINNERTY LAW OFFICES INC.**
1520 Eureka Road, Suite 120
Roseville, California 95661
Phone: (916)781-3466
E-mail: kfinn@kfinnertyLaw.com

Attorneys for Defendant,
OVERLOOK AT BLUE RAVINE, LLC

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON, | CASE NO: 2:10-CV-02387-JAM-DAD |
| Plaintiff, | **AFFIDAVIT OF KATHLEEN E. FINNERTY IN SUPPORT OF ORDER TO SHOW CAUSE RE: SANCTIONS AGAINST PLAINTIFF** |
| v. | |
| OVERLOOK AT BLUE RAVINE, LLC, a California limited liability company, | |
| Defendant. | |

Defendant OVERLOOK AT BLUE RAVINE, LLC, a California limited liability company, submits this Affidavit in response to the Order Dismissing Case for Lack of Subject Matter Jurisdiction and, inter alia, to Show Cause As to Why Sanctions Should Not Be Imposed Against Plaintiff dated July 20, 2012 (Docket #26).

1)    I, KATHLEEN E. FINNERTY, am counsel for the Defendant in the above entitled matter. I have personal knowledge of the matters set forth herein and could competently testify to them if called as a witness.

2)    This Affidavit sets forth the billing timesheets demonstrating the amount of attorney's fees and costs incurred by Defendant between February 1, 2011 and the present, including preparation of this Affidavit.

**FINNERTY LAW OFFICES, INC.**
1520 EUREKA RD., SUITE 101
ROSEVILLE, CA 95661
781.3466
KFinn@ KFinnertyLaw.Com

3)      Attached hereto are true and correct copies of the invoices rendered by this firm to Realty Company Management Inc., known as RCMI, the management entity for Defendant.  The invoices have been redacted where necessary to protect privileged information contained in such invoices.

4)      These invoices are based on contemporaneous daily entries into a time keeping system, and accurately reflect the time expended in representing this client in this matter.  However, because I was representing three parties simultaneously on very similar matters, where time was expended on work that applied equally to each of those clients, the expense was shared, thus reducing the actual fees charged on this matter.

5)      I am an experienced litigation attorney, and have specialized in ADA defense for over 10 years.  In that time period, I tried ADA defense cases successfully in this District and others, and have successfully defeated over 25 ADA cases on motions to dismiss and/or summary judgment.

6)      I have been an AV rated lawyer, and well regarded in the Sacramento and California legal community for nearly 20 years.

7)      I have handled complex ADA maters across the nation, including Department of Justice claims, class action claims and multi-jurisdictional claims involving thousands of facilities.  In California alone, I have handled more than 500 ADA defense cases, involving over 3,000 facilities.  I have represented such companies as Infineon Raceway, the California Judicial Counsel – Administrative Office of the Courts, Circuit City, Kimco Realty, Otis Elevator and Chanel in ADA matters.

8)      I have litigated approximately 40 cases against Scott Johnson.  I have taken his deposition three times.  I am keenly aware of his modus operandi in processing ADA cases, and have been able to completely diffuse more than a dozen meritless cases by independent investigation.

FINNERTY
LAW
OFFICES,
INC.
1520 EUREKA
RD., SUITE 101
ROSEVILLE, CA
95661
781.3466
KFinn@
KFinnertyLaw.Com

AFFIDAVIT OF KATHLEEN E. FINNERTY IN SUPPORT OF ORDER TO SHOW CAUSE RE:
SANCTIONS AGAINST PLAINTIFF

9)    RCMI has incurred attorney's fees and costs of $27,921.80.  These fees and costs were reasonably incurred and paid in defense of this case, with costs shared where possible among two other like cases.

**Criteria for Award Per Local Rule 293.**  In fixing an award of attorneys' fees in those actions in which such an award is appropriate, the Court will consider the following criteria:

(1) <u>Time and labor required of the attorney</u> – The time expended in defending against Mr. Johnson's meritless claims are accurately reflected in the attached billings. The actual attorney's fees and costs would have been higher if shared fees and costs had not been allocated among two other matters.

(2) <u>Novelty and difficulty of the questions presented</u>: Defense of this matter required a keen understanding and experience with ADA compliance and litigation issues, as well as the parties involved.  The issues related to standing in the context of private litigants' claims in California has been an evolving issue over time.  Moreover, given the liberal interpretation of the accessibility laws, both state and federal, a successful defense must involve a keen strategy designed to elicit the correct facts, and proper structuring of the correction legal arguments, some of which are contrary to traditional defense strategies and unique to the ADA.

(3) <u>Skill required to perform the legal service properly</u>;  Considerable skill and knowledge is required to properly defend an ADA case.  As many general practitioners have learned, there is a significant learning curve in understanding unique concepts of standing, mootness, what regulations apply, what constitutes an accessibility violation, how the readily achievable barrier removal standards apply, and other issues unique to apartment complexes which are a hybrid of both public and private accommodations.

**Finnerty Law Offices, Inc.**
1520 Eureka Rd., Suite 101
Roseville, CA 95661
781.3466
KFinn@
KFinnertyLaw.Com

AFFIDAVIT OF KATHLEEN E. FINNERTY IN SUPPORT OF ORDER TO SHOW CAUSE RE: SANCTIONS AGAINST PLAINTIFF

1      (4) <u>Preclusion of other employment by the attorney(s) because of the</u>

2  <u>acceptance of the action</u>.  This inquiry generally relates to contingency fee awards.

3  Certainly involvement in this litigation precluded me from working on other matters.

4      (5) <u>Customary fee charged in matters of the type involved</u>.  When this litigation

5  began, I was a Shareholder at Greenberg Traurig, then the 8th largest law firm in the

6  world.  My billing rates there ranged from $390 - $550.  I was head of the Litigation

7  Department for the Sacramento office, and regularly supervised ADA defense work

8  from other offices.  In January 2011, I opened my own law practice, and reduced my

9  rates to $400.  I regularly charge $390 - $430 an hour for similar work.

10      (6) <u>Whether the fee contracted between the attorney and the client is fixed or</u>

11  <u>contingent</u>.   This client and others similarly situated are billed on an hourly basis per

12  the written fee agreement.

13      (7)  <u>Time limitations imposed by the client or the circumstances</u>. None other

14  than those generally applicable to litigation.

15      (8)  <u>Amount of money or the value of the rights involved, and the results</u>

16  <u>obtained</u>. This client, like so many similarly situated business clients, are frustrated by

17  the drive-by litigation industry that has resulted under the guise of ADA enforcement.

18  ADA cases that present the factual and legal issues to establish clear narrowing of the

19  abuse of such claims are few and far between.

20      This client, like its peers, have great respect for anti-discrimination laws and

21  work diligently to abide by them in every facility they own or operate.  They are, of

22  course, deeply chagrined when these well meaning laws are abused in the name of

23  profit-seeking by certain opportunistic individuals, like Mr. Johnson.    Therefore, this

24  client, and the two others, considered this case to be an important precedent setting

25  opportunity to dissuade Mr. Johnson and others from bringing and maintinuing ill-

26  conceived lawsuits purely for profit.  While this client and its counsel are very

27  concerned about providing access to persons with mobility and other impairments,

28

FINNERTY
LAW
OFFICES,
INC.
1520 EUREKA
RD., SUITE 101
ROSEVILLE, CA
95661
781.3466
KFinn@
KFinnertyLaw.Com

AFFIDAVIT OF KATHLEEN E. FINNERTY IN SUPPORT OF ORDER TO SHOW CAUSE RE:
SANCTIONS AGAINST PLAINTIFF

these important civil rights laws are intended to protect bona fide patrons of facilities –
those who actually intend to frequent a place of public accommodation – not those
who merely drive by with no intent of patronizing a business purely to troll for litigation.
Therefore, this client, and others in the business community perceive this ruling as a
significant victory in a case where no such bona fide intent ever existed.

(9)  Experience, reputation and ability of the attorney's.  See Paragraphs 5 – 8
above.

(10)  The "undesirability" of the action.   Several attorneys I approached in
attempting to obtain declarations substantiating Mr. Johnson's unmeritorious claims
declined to do so out of fear that Mr. Johnson would retaliate against their clients by
demanding higher economic demands to obtain settlements.

(11)  The nature of length of the relationship between the attorney and the
client.   This client specifically sought me out to represent it in this case based on my
reputation and history of strategic success in ADA defense cases.

(12) Awards in similar actions:   Currently unknown.

(13)  Such other matters are the Court may deem appropriate under the
circumstances.  Defendant welcomes the opportunity to answer any questions or
provide any further information the Court may desire.

DATED:  August 8, 2012                    **FINNERTY LAW OFFICES, INC.**


By: *Kathleen E. Finnerty*
                                        Kathleen E. Finnerty
                                        Defendant, OVERLOOK AT BLUE
                                        RAVINE, LLC

**FINNERTY**
**LAW**
**OFFICES,**
**INC.**
1520 EUREKA
RD., SUITE 101
ROSEVILLE, CA
95661
781.3466
KFinn@
KFinnertyLaw.Com

AFFIDAVIT OF KATHLEEN E. FINNERTY IN SUPPORT OF ORDER TO SHOW CAUSE RE:
SANCTIONS AGAINST PLAINTIFF