SCOTT N. JOHNSON, ESQ., SBN 166952
DISABLED ACCESS PREVENTS INJURY, INC.
5150 FAIR OAKS BLVD., SUITE 101
PMB #253
CARMICHAEL, CA 95608-5758
TELEPHONE (916) 485-3516
FAX (916) 481-4224
EMAIL scottnjohnson@dapiinc.com

Attorney for Plaintiff Scott N. Johnson

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT N. JOHNSON<br><br>Plaintiff,<br><br>vs.<br><br>Overlook At Blue Ravine, LLC,<br><br>Defendant | **2:10-cv-02387-JAM-DAD**<br><br>**RESPONSE OF PLAINTIFF, SCOTT N. JOHNSON, TO ORDER TO SHOW CAUSE; DECLARATION OF PLAINTIFF, SCOTT N. JOHNSON**<br><br>**No Hearing Requested on Order to Show Cause** |

I, Scott N. Johnson, declare:

I am the Plaintiff and I have a mobility related disability. I have personal knowledge of the facts set forth in this Declaration. If called as a witness in this matter, I could and would competently testify to those facts under oath.

1. I am duly licensed to practice law in the State of California and am admitted to practice in the United States District Court, Eastern district of California;

2. I am the attorney of record for plaintiff (Pro Se), Scott N. Johnson, in this matter;

3. The Court has requested my response as to the amount of sanctions which the Court is considering to impose upon myself, the Plaintiff. The period of time of which the Court is concerned with is from February 1, 2011 to date. I requests that the sanctions be minimal given

this action has produced the requested disabled access property alterations. I brought this case base on the lack of a van accessible disabled parking space and the defendants have since provided for one. Once provided, I was able to return and access the leasing office and obtain the apartment complex leasing information needed. As it turned out, the defendants chose to provide for disabled access as to the leasing office and ignored the tenant units and common areas.

4. My request for monetary damages started at $5,000 and was then reduced to $4,000 as a global amount for both this action and a separate action regarding a different apartment complex named The Park on Riley 11-cv-01275. Later that amount was reduced to $2,000 payable to the charitable organization, Canine Companions for Independence or another disability related charitable organization of the defendants choosing. Finally, the settlement demand was reduced to a waiver of cost and no monetary damages. All the above settlement negotiations took place prior to any depositions and should serve as a maximum amount of sanctions.

5. I was never provided with initial disclosures or supplemental initial disclosures which disclosed the fact that the defendants removed the architectural barriers by providing for a van accessible disabled parking space. The date in which the property alterations were completed should be used as a cutoff point in determining the amount of sanctions. At that point in time, the Defendants could have filed a Motion to Dismiss based on mootness and I could have done the same.

6. In reviewing counsels time and billing sheets, I request that a detailed analysis be required to confirm that time has been properly allocated between the three apartment cases which Counsel was defending at the same time. The three cases are as follows: 1) Overlook at Blue Ravine 10-cv-02384; 2) The Park on Riley 11-cv-01275; 3) Tallyho Village Apartments 10-cv-02336.

Additionally, time spent in regards to removing the architectural barriers should not be considered as well as time spent in regards to the request to have me declare a vexatious litigant which includes the review of all my prior cases should not be included. Simply put, only time in regards to the standing issue as to this particular case should be counted.

7. The court found that this action was not frivolous and resulted in an increase in disabled access and likewise determined once again that I am not a vexatious litigant. This is the third time the Eastern District has refused to declare me a vexatious litigant. I anticipate that the vast majority of counsel's time was spent after my request to dismiss. I provided counsel multiple times with stipulated dismissal with prejudice prior to the Motion for Summary Judgment.

8. The court determined that I lack standing due to my failure to properly oppose the Motion. I have a Motion for Summary Judgment on Counsel's companion case, The Park on Riley on August 24, 2012. In that case, I included my statement of disputed and undisputed facts. Additionally, I am attaching hereto as Exhibit A, copies of purchases which I made during the relevant time period [2012-2012] at businesses which are nearby the apartment complex. Both my urologist, Dr. Poonamalle as well as the Folsom Lake Surgery Center which I utilize are both located on the very same street as the apartment complex. My son is a certified scuba diver and takes as well as assist in giving various scuba diving classes at both Folsom Lake and Negro Bar. Both of which are located near the apartment complex.

9. While the apartment complex is located in Folsom, I am unaware of any apartment complex closer to either my residence or closer to Sierra College where my son attends which is accessible. The chances of finding an apartment complex which is both accessible as to the leasing office as well as the common areas and having an available tenant unit which is

accessible with a roll-in shower and which I have ties to the location is unrealistic. When I choose housing, my primary concern is the housing itself because it is the most important and I can create ties in whatever community it is located in. When I moved to Sacramento as a child back in 1967, no one in my family had ever visited the neighborhood or knew anybody who lived in Sacramento. Employment brought my family to Sacramento. Years later when I moved out of the family residence, I moved to a neighborhood located off of Elkhorn Boulevard and Highway 80. I had never visited that community and did not know anybody who lived in that community prior to purchasing my residence. I had no ties to that community prior to moving there but created them once I did. Once again, when I moved to my current residence, I had never been on the street and did not know anybody in the neighborhood. I build my ties around places where I reside.

10. If I believe that I did not have standing to bring this action, I would have amended the complaint or spent more time establishing the standing issue. If I believed that standing was not possible, I would have voluntarily dismissed the action based on lack of standing. Defendant's counsel could have brought a Motion to Dismiss based on standing and chose not to.

11. Plaintiff does not request a hearing on this Order to Show Cause.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on Wednesday, August 8, 2012, in Sacramento, California.

Dated: August 9, 2012

/S/ SCOTT N. JOHNSON
By: SCOTT N. JOHNSON
Attorney for Plaintiff